**Opinion filed June 6, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00347-CR

_____

## SEDRICK ANTHONY DAUGHTERY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 14172-D**

### M E M O R A N D U M   O P I N I O N

Appellant, Sedrick Anthony Daughtery, was convicted of aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West 2019). The jury found the enhancement allegation to be "true," and assessed Appellant's punishment at imprisonment for life in the Correctional Institutions Division of the Texas Department of Criminal Justice and a $10,000 fine. *See* PENAL § 12.42(b). The trial court sentenced Appellant accordingly.

At the guilt/innocence phase of trial, the State called eleven witnesses. Samantha Wreyford told the jury that around midnight on September 28, 2012, she went for a walk to a neighborhood park after a fight with her common-law husband. A man in a red pickup, whom she later identified as Appellant, drove up and asked if she had any money. He got out of the pickup, brandished a knife, and forced Wreyford into his pickup. Appellant drove Wreyford to a house where he forced her onto the floor and penetrated her vagina with his penis twice.

The nurse who performed Wreyford's sexual assault exam collected foreign DNA that was subsequently linked to Appellant. She also observed abrasion to the cervix demonstrating "that there was a tremendous amount of force used with sexual contact."

Stephanie Ann Holt testified that Appellant sexually assaulted her at knifepoint in a substantially similar manner on July 15, 2012. The DNA collected during her sexual assault exam was also linked to Appellant.

During the punishment phase, the State called seven witnesses, including Wreyford, Holt, and two additional victims who testified that they were sexually assaulted by Appellant at knifepoint. Appellant pled "not true" to the enhancement allegation. The State introduced judgments reflecting his 1986 conviction for aggravated assault against a peace officer, and his 2006 conviction for possession of cocaine.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to

2

file a petition for discretionary review. *See* TEX. R. APP. P. 68. Therefore, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief on November 27, 2023, in which he requested his docket sheets, but did not address the merits of the case. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with court-appointed counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

June 6, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.